UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

UNITED STATES OF AMERICA     )
     )     Case No. 1:13-cr-133-HSM-SKL
     )
v.     )
     )
BRANDON HARRIS     )

REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b), I conducted a plea hearing in this case on March 19, 2014.

At the hearing, defendant moved to withdraw his not guilty plea to Count One of the nine-count

indictment and entered a plea of guilty to the lesser included offense of the charge in Count One,

that is of conspiracy to distribute twenty-eight (28) grams or more of a mixture and substance

containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance, in

violation of 21 USC §§ 846, 841(a)(1) & 841(b)(1)(B), in exchange for the undertakings made by

the government in the written plea agreement.  On the basis of the record made at the hearing, I find

the defendant is fully capable and competent to enter an informed plea; the plea is made knowingly

and with full understanding of each of the rights waived by defendant; the plea is made voluntarily

and free from any force, threats, or promises, apart from the promises in the plea agreement; the

defendant understands the nature of the charge and penalties provided by law; and the plea has a

sufficient basis in fact.

Therefore, I **RECOMMEND** defendant's motion to withdraw his not guilty plea to Count

One be granted, his plea of guilty to the lesser included offense of the charge in Count One, that is

of conspiracy to distribute twenty-eight (28) grams or more of a mixture and substance containing

a detectable amount of cocaine base ("crack"), a Schedule II controlled substance, in violation of

21 USC §§ 846, 841(a)(1) & 841(b)(1)(B) be accepted, the Court adjudicate defendant guilty of the lesser included offense of the charge in Count One, that is of conspiracy to distribute twenty-eight (28) grams or more of a mixture and substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance, in violation of 21 USC §§ 846, 841(a)(1) & 841(b)(1)(B), and a decision on whether to accept the plea agreement be deferred until sentencing.

I further **RECOMMEND** defendant remain in custody until sentencing in this matter. Acceptance of the plea, adjudication of guilt, acceptance of the plea agreement, and imposition of sentence are specifically reserved for the district judge.

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE


<u>NOTICE TO PARTIES</u>

You have the right to *de novo* review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than ten days after the plea hearing. Failure to file objections within ten days constitutes a waiver of any further right to challenge the plea of guilty in this matter. <u>See</u> 28 U.S.C. §636(b).